```
JAMES WEISMAN     #7844
Via 220 S. King St., Ste 1688
Honolulu, Hawaii 96813
Telephone: (848) 583-10151
aninjurylawyer@gmail.com
```

*Plaintiff Attorney*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN DOE<br><br>    Plaintiff,<br><br>  vs.<br><br>CONG TY CO PHAN MODOHO aka MODOHO JSC dba MODOHO; DAO HUY DAT; NGUYEN CHI CONG; HOANG THI HOANG LY; NGUYEN THUY YEN THUONG; VISHWANATH KULKARNI; TA THUY DUNG; S C BANK; DOE NOTARY; DOE NOTARY OFFICIALS; DOE BANK OFFICIALS; DOE AGENTS; DOE DEVELOPER; DOE DEVELOPER AGENTS; DOES 1-100<br><br>    Defendants. | Case Number: 1:22-cv-409<br><br>**VERIFIED COMPLAINT IN FRAUD AND CIVIL RICO FOR $1,252,350 SUM CERTAIN** |

Plaintiff, above-captioned, for a complaint against the above-captioned defendants, and each of them, states as follows:

PARTIES/JURISDICTION

1.  At all material times herein, plaintiff was a citizen of the County of Honolulu, State of Hawaii.

2.  At all material times herein, the above-captioned defendants were each and all citizens or subjects of a foreign state.  CONG TY CO PHAN MODOHO aka MODOHO JSC (MODOHO) and SC

Bank are both Joint Stock Company citizens or subjects of a foreign state. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. 18 U.S.C CHAPTER 96, RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (RICO), §1961 *et seq.*, was violated and is hereby invoked. It was designed to prevent these sorts of corrupt conspiracies, and provides a private cause of action and attorney's fees for prevailing claimants. *RJR NABISCO, INC. v. EUROPEAN COMMUNITY,* 579 U.S. ___ (2016):

> "The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U. S. C. §§1961–1968, created four new criminal offenses involving the activities of organized criminal groups in relation to an enterprise. §§1962(a)–(d). RICO also created a new civil cause of action for "[a]ny person injured in his business or property by reason of a violation" of those prohibitions. §1964(c)." *Id.* at 1.

> "We therefore conclude that RICO applies to some foreign racketeering activity. A violation of §1962 may be based on a pattern of racketeering that includes predicate offenses committed abroad, provided that each of those offenses violates a predicate statute that is itself extraterritorial." *Id.* at 13.

> "...we find that RICO imposes no domestic enterprise requirement..." *Id.* at 17.

> "Section 1964(c) allows "[a]ny person injured in his business or property by reason of a violation of section 1962" to sue for treble damages, costs, and attorney's fees." *Id.* at 18.

This court has 28 U.S.C. § 1331 jurisdiction over this matter. These civil RICO attorney's fees are unidirectional: they are only for claimants, not defendants. The "American Rule" is that, absent express statutory authority, each party must pay its own attorney's fees. *See Alyeska Pipeline Service Co. v. Wilderness*

*Society*, 421 U.S. 240 (1975).

4.   Supplemental jurisdiction is invoked for related claims of common law fraud, conversion, violations of Hawaii Revised Statutes Chapter 842, and other state law claims.

5.   Federal subject-matter jurisdiction applies but in any event diversity jurisdiction is invoked pursuant to 28 U.S. Code § 1332. Diversity of citizenship..." as it is "between... (2)citizens of a State and citizens or subjects of a foreign state...".

6.   This court has jurisdiction as defendants knew about and then conspired to intentionally get and retain this over $330,000 U.S. property by patterns of explicitly extraterritorial jurisdiction crimes of wire fraud and money laundering, and the intentional torts of common law fraud and conversion. This court's jurisdiction is proper based on the effects of defendants' intentional tortious misconduct in this jurisdiction. *Calder v. Jones*, 465 U.S. 783 (1984). Defendants did not just commit negligence, but rather intentional misconduct, specifically directed to get funds from this jurisdiction, that was foreseen and would result in these funds being lost. "The brunt of the injury [was] felt by [Plaintiff] in this jurisdiction. *Id.* at 790. In *Kailieha v. Hayes*, 56 Hawaii 306 (1975) at 307, the Supreme Court of this jurisdiction, interpreting its long-arm statute, held that: "[a] tort is committed where the injury occurs, and the phrase 'tortious act' encompasses the injurious consequences of an act." These long lines of U.S. and Hawaii Supreme Court cases hold that, in cases of intentional tortious misconduct, the determinant location for the due exercise of jurisdiction is the location of the injury, not the parties. By their conspiracies to intentionally defraud

plaintiff out of his funds in this jurisdiction, and knowingly conspire so they were kept away from plaintiff, defendants put themselves squarely within state and federal due process.

7. As well, this court had and now retains *in rem* jurisdiction over these U.S. funds and their derivatives; jurisdiction cannot be defeated by fraud or theft.

8. Venue is proper per 28 U.S.C. § 1391(b) and (c).

### DOES

9. Doe Defendants are sued herein under fictitious names for the reason that, despite diligent and good faith efforts to obtain information, their true names and identities are presently unknown, except that they were connected in some manner with the named Defendant or one or more of them and/or are employees, employers, agents, representatives, co-venturers, associates, vendors, suppliers, manufacturers, subcontractors, contractors or consultants of the named Defendant; and/or were in some manner presently unknown, engaging in the activities alleged herein; and/or were in some manner responsible for the injuries or damages herein; and that their true names, identities, capacities, activities and/or responsibilities are presently unknown.  Leave of this Court is requested to identify the Doe Defendant if and when their identities are ascertained. Plaintiff and some defendants are fictitiously named due to the corrupt and racketeering nature of Defendants' conduct, and Doe Notary, Developer, and bank invidual parties are used under fictitious names as their involvement and practices are still being determined.

### FACTS

10. Plaintiff incorporates by reference the other paragraphs of this Complaint.

11. This began when some of the defendants found-out through electronic records that plaintiff had $330,000 U.S. retirement and other financial institution assets in two accounts, existing within the territorial jurisdiction of this court and protected thereby.

12. From September 11, 2020 to the present, these defendants on information and belief notified and conspired with each and all the defendants to perpetrate fraudulent schemes over U.S. wires and using other U.S. assets, properties, and instruments to target, obtain, and forever retain these U.S. funds, by whatever means necessary.  Defendants used both false investment description documents (about a different and much more valuable investment than the one they were supposedly selling) and also false investment transfer documents and procedures, such that they left plaintiff unable to lawfully obtain proper transfer and title to the subject investment property, and went-silent and ran-away; they thus directly defrauded plaintiff in the amount of $330,000, and then they conspired to cover their tracks by fraudulent concealment, continuing through to the present day, including tax evasion and money-laundering as they do in an open-ended pattern in many or most of their transactions.  As some defendants knew through documents and other communications, Plaintiff had to transfer funds out of his Individual Retirement Account (IRA) to make the payment, and would and did incur a $15,000 early-withdrawal tax penalty/fees, which plaintiff has already paid to U.S. tax authorities from the remainder of one of these accounts.  Plaintiff thus lost $345,000 from his U.S. accounts, as of September, 2020.  With 10% annual

This was part of each and all the defendants' open-ended conspiratorial long-term pattern of civil RICO predicate offenses, including the predicates of wire-fraud, tax evasion, and money-laundering, some of which have the requisite extraterritorial jurisdiction. The above current damages, suffered in this jurisdiction, are thus legally trebled to $1,252,350, which is the sum certain claimed herein.

## PUNITIVE DAMAGES

13. Plaintiff incorporates by reference the other paragraphs of this Complaint.

14. Future U.S. and other investors and U.S. bank accounts will be defrauded unless punitive and exemplary damages are awarded.

15. The acts of the defendants, and each of them, were done knowingly, willfully, and with malicious intent, and with reckless disregard of important rights, and plaintiff is entitled to punitive damages against the defendants, and each of them.

## VERIFICATION

The plaintiff has read this complaint, knows the contents, and verifies that the statements are true to the plaintiff's personal knowledge and belief. The plaintiff declares under penalty of law that the above is true and correct.

DATED: September 12, 2022

_____
Plaintiff

## REQUEST FOR RELIEF

WHEREFORE plaintiff demands award against defendants, jointly and severally, for the following:

    A. General, special, and consequential damages,

    B. Treble damages in the precise amount of $1,252,350, under Civil RICO and/alternatively under common-law fraud

    C. Other treble, liquidated, and general damages,

    D. Rescission, constructive trust, restitution, and interest,

    E. Costs and mandatory plaintiff's reasonable attorney's fees under civil RICO, common-law fraud, and other law,

    F. Appropriate injunctive relief, and

    G. Any and all other relief as may be deemed just and equitable by the court.

DATED: September 12, 2022

                                              */s/ James L. Weisman*
                                              *Plaintiff Attorney*